# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3868 | **DATE** | September 30, 2010 |
| **CASE TITLE** | Culbert vs. Hilti, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [13]) to strike defendant's affirmative defenses is granted. The court will grant Hilti leave to amend its Answer should it be necessary in the later stage of the proceedings.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

This matter comes before the court on the motion of Plaintiff James Culbert ("Culbert") to strike all affirmative defenses asserted by Defendant Hilti, Inc., ("Hilti"), pursuant to Fed. R. Civ. P. 12(f). For the reasons set forth below, the motion is granted.

Plaintiff James Culbert ("Culbert") filed a three-count complaint against Hilti asserting claims of race discrimination in violation of 42 U.S.C. §1981 and 42 U.S.C. §§2000-e et seq. ("Title VII"), and a claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). In his complaint, Culbert seeks reinstatement, a permanent injunction, lost compensation, compensatory, liquidated, and punitive damages, prejudgment interest, costs and disbursements, as well as attorney fees. In answering Culbert's complaint, Hilti advanced twenty-five affirmative defenses. Culbert moved to strike all of them. In its response to the motion, Hilti withdrew twelve affirmative defenses leaving thirteen affirmative defenses but challenged Hilti's motion with respect to the thirteen remaining defenses.

Motions to strike are governed by Fed. R. Civ. P. 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) permits a court to strike defenses that are insufficient on the face of the pleadings. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Because motions to strike can be dilatory, they are generally not a favored part of motion practice. *See, e.g., U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). However, if legal implications can be drawn from uncontroverted facts within the pleadings, such motions can be useful tools to examine sufficiency of asserted defenses. *See id*. When presented with a motion to strike a defense as insufficient, a court must examine whether the challenged defenses raise substantial questions of law or fact. *See id*. If they do, the motion is not meritorious. Moreover, if on the face of the pleadings it appears that a set of facts could be proven that would establish the defense, the party asserting the defense must be provided an opportunity to prove the allegations. *See id*. Under current Supreme Court jurisprudence, the

challenged assertion must be above the level of speculation and articulate a plausible set of underlying facts. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, when justice so requires, district courts have the discretion to allow a defendant to amend his answer in order to assert an affirmative defense not raised initially. Fed. R. Civ. P. 15(a)(2); *see Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997). With these principles in mind, we turn to the motion at hand.

In the present matter, Hilti has asserted thirteen affirmative defenses that are insufficient to withstand a motion to strike. All thirteen affirmative defenses are mere conclusory allegations unsupported by any facts or any relevant authority. The infirmity of Hilti's affirmative defenses is clearly apparent on the face of the pleadings. Therefore, Culbert's motion to strike the affirmative defenses is granted . The court will grant Hilti leave to amend its Answer should it be necessary in the later stage of the proceedings.

Dated:   September 30, 2010

CHARLES P. KOCORAS
U.S. District Court Judge