# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3868 | **DATE** | February 24, 2011 |
| **CASE TITLE** | Culbert vs. Hilti, Inc. | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Status hearing scheduled for March 17, 2011, at 11:00 a.m. Plaintiff's motion to compel [24], in connection with his Interrogatory ## 8-9 and 12, Request for Production of Documents ## 42 and 47 and notices of deposition for Jennifer Perchenko, Chris Gilreath and John Donnelly, is denied for the reasons stated in open court and denied as detailed in this order. Defendant is ordered to comply with this order by March 11, 2011. Parties are to file a joint motion to extend the discovery deadline with the assigned District Judge by no later than March 1, 2011. The court strongly urges the parties to schedule the depositions of Perchenko and Gilreath prior to filing the motion for extension and to include the dates of their depositions in the motion. The court may be required to adjust the March 11, 2011 deadline for complying with this order depending on the assigned District Judge's ruling on the anticipated motion for extension.

■[ For further details see text below.]

Notices mailed by Judicial staff.

01:00

---

## STATEMENT

Plaintiff's motion to compel is denied as detailed below and Defendant is ordered to comply with the following by March 11, 2011:

1. Plaintiff's Interrogatory ## 8-9 and 12: The motion is denied as moot as to Interrogatory ## 8 and 9. Defendant has agreed to supplement its response to these interrogatories. Defendant is ordered to supplement by no later than March 11, 2011. The motion is denied as to Interrogatory #12. The court initially granted the motion as to Interrogatory #12 during the motion hearing and required Defendant to conduct a reasonable and good faith search of the relevant personnel files of those employees identified in its answer to Interrogatory #12 and to supplement its answer. This ruling was based on Plaintiff's representation in his motion that Defendant answered the first part of the interrogatory ("Hilti answered the first [part] of this Interrogatory, but refused to answer the second part . . . ."). The court assumed that Defendant had identified specific employees in response to the first part of the interrogatory. However, after having reviewed Defendant's answers to Plaintiff's interrogatories (provided in open court in connection with Interrogatory #6), the court finds that Defendant's answer to Interrogatory #12 is complete. Whether Defendant was required to answer the second part of Interrogatory #12 depended on Defendant's answer to the first part. In response to the first part, Defendant answered that it was unable to identify those specific employees Jennifer Perchenko (no longer employed with Defendant) transferred from one location to another. Based on this answer, Defendant cannot identify specific employees in response to the second part. Also, Defendant's inability to identify specific employees Perchenko transferred is not a proper factual basis to compel Defendant to certify that Plaintiff was the only employee who Perchenko required to meet a certain performance level. Perchenko may be the only source who can provide an answer to this question.

2.  Plaintiff's Request for Production of Documents ## 42 and 47:  The motion is denied as moot as to Request # 42.  Based on the agreement of the parties, Defendant is ordered to provide the documents requested in Request #42 within 10 calendar days of the assigned District Judge's decision denying any portion of Defendant's motion for summary judgment requiring a trial.  If Defendant decides not to file a motion for summary judgment, Defendant agrees to provide the requested documents by the date the motion is due.  The motion is denied as moot as to Request # 47.  Defendant has agreed to provide Plaintiff with the requested annual reviews of the employees identified in Plaintiff's Exhibit I (marked in open court) except for the following: Kevin Dey, Plaintiff, Andrew DeLassus, Daniel Gearhart and Shawn Land.  Also, when reviewing these personnel files to gather the annual reviews, Defendant is ordered to search for any document Perchenko authored and/or issued that required the employee to achieve and to maintain overall sales of at least 90% of the sales target and/or plan.  Defendant must provide such documents, if any, along with the annual reviews to Plaintiff by March 11, 2011.

3.  Plaintiff's Notices of Deposition:  The motion is denied to the extent that Plaintiff seeks an order compelling the deposition of Jennifer Perchencko, Chris Gilreath and John Donnelly.  As to Perchenko and Gilreath, there is no substantive dispute.  The only remaining issue as to them is scheduling.  The motion is denied without prejudice as to John Donnelly based on Defendant's response and Donnelly's declaration explaining the parameters of his involvement in this case.