# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3868 | **DATE** | January 24, 2012 |
| **CASE TITLE** | Culbert vs. Hilti, Inc. | | |

**DOCKET ENTRY TEXT**

The Court grants defendant's motion (Doc [71]) for entry of Bill of Costs is granted in the amount of $3,395.09.

■[ For further details see text below.]

Docketing to mail notices.

---

## ORDER

This case comes before the Court on the bill of costs of Defendant Hilti, Inc. ("Defendant"). For the reasons stated below, this Court awards costs in the amount of $3395.09 to Defendant.

On November 23, 2011, this Court granted summary judgment in favor of Defendant and against Plaintiff James Culbert ("Plaintiff"). Defendant now seeks to recover $4,008.19 for court reporter fees. Plaintiff specifically objects to Defendant's recovery of the: (1) $585.00 attendance fee charged by the court reporter for Plaintiff's deposition; and (2) $55.00 exhibit fee charged by the court reporter for Christopher Gilreath's deposition.

A prevailing party may recover costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920(2), the prevailing party may recover fees for transcripts necessarily obtained for use in the case.

First, the Court must determine whether Defendant may recover the $585.00 attendance fee charged by the court reporter for Plaintiff's deposition. A court may in its discretion award deposition attendance fees under 28 U.S.C. § 1920(2), which permits the prevailing party to recover fees for transcripts. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). However, "the costs of the transcript or deposition shall not exceed the regular copy

rate as established by the Judicial Conference of the United States." N.D. Ill. L.R. 54.1(b). Since October 29, 2007, the regular copy rate has been set at $3.65 per page. In other words, the court reporter's attendance fee may be taxed as costs only to the extent that the fee, when added to the per page rate charged for the deposition transcript, does not make the total charge per page exceed $3.65. *Blackwell v. Kalinowski*, 2011 WL 3555770, at *2 (N.D. Ill. Aug. 11, 2011).

The court reporter charged $1,319.95 for Plaintiff's 369 page deposition transcript (approximately $3.58 per page) and $585.00 as an attendance fee for the 8.5 hour deposition. That attendance fee, when added to the rate charged for the transcript, causes the total charge per page to exceed the $3.65 per page maximum established by the Judicial Conference. Defendant may recover no more than $3.65 per page which totals $1,346.85 for 369 pages. Accordingly, the Court reduces Defendant's request for costs by $558.10 (i.e., the amount sought for Plaintiff's deposition less the amount recoverable under 28 U.S.C. § 1920(2)).

Second, this Court must determine whether Defendant may recover the $55.00 exhibit fee charged by the court reporter for Christopher Gilreath's deposition. The Court discerns no reason why the $3.65 per page maximum for deposition costs would not also apply to exhibit fees. The court reporter charged $491.28 for the transcript of Christopher Gilreath's deposition. Defendant did not provide any evidence regarding the length of the transcript. Thus, the Court has insufficient information to determine whether adding the $55.00 exhibit fee would cause the total charge to exceed the $3.65 per page maximum established by the Judicial Conference. Accordingly, Defendant may not recover the $55.00 exhibit fee and the Court further reduces Defendant's request for costs by $55.00.

For the foregoing reasons, this Court awards costs in the amount of $3395.09 to Defendant.

Date: __January 24, 2012__

**CHARLES P. KOCORAS**
**U.S. District Judge**